# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN WHITE, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) No. 2:18-cv-00884 |
| v. | )<br>)<br>) |
| CSX INTERMODAL TERMINALS, Inc.,<br>JOHNATHAN LOWE, *individually*, and<br>RYAN GOMEZ, *individually*, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## DEFENDANT JONATHAN LOWE'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Jonathan Lowe ("Lowe") by and through his undersigned counsel, hereby answers the Complaint ("Complaint") filed by Brian White ("White" or "Plaintiff") as follows:

### NATURE OF THE CASE

1. Lowe admits that Plaintiff has filed a Complaint alleging violations of the laws cited in Paragraph 1, and seeking damages for those alleged violations. However, Lowe denies that he violated those laws or any law, and further denies that Plaintiff is entitled to any damages. In addition, Lowe denies that he discriminated or retaliated against Plaintiff. Lowe also denies each and every remaining allegation in Paragraph 1 of the Complaint.

### JURISDICTION AND VENUE

2. The allegations in Paragraph 2 state conclusions of law as to which no response is required. To the extent any response is required, Lowe denies the allegations.

3. The allegations in Paragraph 3 state conclusions of law as to which no response is required. To the extent any response is required, Lowe admits that CSX Intermodal Terminals, Inc. ("CSXIT") employed Plaintiff at its terminal located in Philadelphia, Pennsylvania, which is within the Eastern District of Pennsylvania. Lowe denies each and every remaining allegation in Paragraph 3 of the Complaint.

4. Lowe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and therefore denies them.

5. Lowe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies them.

6. Lowe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies them.

**PARTIES**

7. Lowe is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 7 of the Complaint, and therefore denies it.

8. Lowe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies them.

9. Lowe admits the allegations in Paragraph 9 of the Complaint.

10. Lowe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies them.

11. Lowe admits that, at all times material to this lawsuit, Ryan Gomez ("Gomez") was employed by CSXIT. Lowe denies any and all remaining allegations in Paragraph 11 of the Complaint.

12. Lowe admits that Gomez was, at all times material to this lawsuit, employed as an Operations Supervisor at CSXIT. Lowe denies each and every remaining allegation in Paragraph 12 of the Complaint.

13. Lowe admits that Gomez had supervisory authority over Plaintiff from December 2015 until Plaintiff's dismissal on December 29, 2016. Lowe denies each and every remaining allegation in Paragraph 13 of the Complaint.

14. Lowe denies the allegations in Paragraph 14 of the Complaint.

15. Lowe admits that he had supervisory authority over Plaintiff from April 2013 until Plaintiff's dismissal on December 29, 2016. Lowe denies each and every remaining allegation in Paragraph 15 of the Complaint.

## MATERIAL FACTS

16. Lowe admits that, on or around March 18, 2000, Plaintiff started working for CSXIT as an Intermodal Service Worker. Lowe denies each and every remaining allegation in Paragraph 16 of the Complaint.

17. Lowe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies them.

18. Lowe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint, and therefore denies them.

19. Lowe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore denies them.

20. Lowe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore denies them.

21. Lowe admits that Plaintiff used FMLA leave in 2016, but denies that 2016 was when Plaintiff first started using FMLA leave. Lowe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint, and therefore denies them.

22. Lowe admits that, on April 27, 2016, he observed Plaintiff using his personal cell phone in a hostler truck, which violated CSXIT's rules. Lowe further admits that he initiated disciplinary charges against Plaintiff for this violation. Lowe denies each and every remaining allegation in Paragraph 22 of the Complaint.

23. Lowe admits that Plaintiff's truck was parked when Lowe witnessed Plaintiff using his cell phone in the truck. Lowe denies each and every remaining allegation in Paragraph 23 of the Complaint.

24. Lowe denies the allegations in Paragraph 24 of the Complaint.

25. Lowe admits that he was riding on the passenger side of a truck when he observed Plaintiff using his cell phone in violation of CSXIT's rules. Lowe further admits that, upon observing Plaintiff's rule violation, Lowe asked the driver to stop the truck. Lowe denies each and every remaining allegation in Paragraph 25 of the Complaint.

26. Lowe admits the allegations in Paragraph 26 of the Complaint.

27. Lowe admits the allegations in Paragraph 27 of the Complaint.

28. Lowe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies them.

29. Lowe admits that he told Plaintiff that he was not allowed to use his cell phone, and that anyone contacting him about an emergency could call the administration building. Lowe denies the remaining allegations in Paragraph 29 of the Complaint.

30. The allegation in Paragraph 30 that this was not a "reasonable accommodation" states a conclusion of law to which no response is required. To the extent that any response is required, Lowe denies that allegation. Lowe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Complaint, and therefore denies them.

31. Lowe denies the allegations in Paragraph 31 of the Complaint.

32. Lowe admits that he told Plaintiff that he could not use his cell phone while working in the terminal, and that anyone who needed to reach him should call the administrative office, at which point he would be notified of the call over the radio. Lowe further admits that he directed Plaintiff to a posted memorandum indicating that individuals calling the terminal could select "Option 4" to bypass CSXIT's automated phone system and speak directly with administrative staff at the terminal. Lowe denies each and every remaining allegation in Paragraph 32 of the Complaint.

33. Lowe admits that Plaintiff was charged with a rule violation for using his cell phone at work. Lowe denies each and every remaining allegation in Paragraph 33 of the Complaint.

34. Lowe admits that, at some point during Plaintiff's employment, selecting "Option 4" to bypass the Philadelphia terminal's automated phone system was no longer available. Lowe denies each and every remaining allegation in Paragraph 34 of the Complaint.

35. Lowe denies the allegations in Paragraph 35 of the Complaint

36. Lowe denies the allegations in Paragraph 36 of the Complaint.

37. Lowe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore denies them.

38. Lowe admits that CSXIT allowed managers to use cellular phones for work-related reasons. Lowe further admits that CSXIT allowed some individuals employed by third-party vendors to use cellular phones for work-related reasons. Lowe is without knowledge or information sufficient to form a belief as to the truth that other unidentified "authorized personnel" are allowed to use cellular phones at work, and therefore denies that allegation. Plaintiff's allegation that his request for an accommodation was reasonable states a conclusion of law to which no response is required. To the extent that any response is required, Lowe denies that allegation. Lowe also denies each and every remaining allegation in Paragraph 38 of the Complaint.

39. Lowe denies the allegations in Paragraph 39 of the Complaint.

40. Lowe denies the allegations in Paragraph 40 of the Complaint.

41. Lowe denies the allegations in Paragraph 41 of the Complaint.

42. Lowe denies the allegations in Paragraph 42 of the Complaint.

43. Lowe admits that Gomez assessed Plaintiff for not wearing his seatbelt while operating a company vehicle, and for wearing his wedding ring at work on or around October 25, 2016. Lowe further admits that Plaintiff's actions violated CSXIT rules. Lowe denies any and all remaining allegations in Paragraph 43 of the Complaint.

44. Lowe denies that Plaintiff ever told him that wearing a wedding ring was a cultural requirement or that he would have to speak to his tribal elders about the issue. Lowe is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 of the Complaint, and therefore denies them.

45. Lowe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, and therefore denies them.

46. Lowe is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint, and therefore denies them.

47. Lowe admits that Arthur Jackson was employed by CSXIT as Manager of Terminal and Motor Carrier Safety. Lowe denies each and every remaining allegation in Paragraph 47 of the Complaint.

48. Lowe denies the allegations in Paragraph 48 of the Complaint.

49. Lowe admits that Plaintiff was taken out of service on or around November 4, 2016.

48. Lowe denies the allegations in the second[1] Paragraph numbered 48 in the Complaint.

49. Lowe denies the allegations in the second Paragraph numbered 49 in the Complaint.

50. Lowe is without knowledge or information sufficient to form a belief as to whether Plaintiff's hearing was rescheduled from November 15, 2016 to December 1, 2016, and therefore denies that allegation. Lowe further denies each and every remaining allegation in Paragraph 50 of the Complaint.

51. Lowe admits that Plaintiff was dismissed on December 29, 2016 for the violation that he committed on October 25, 2016. Lowe further admits that Plaintiff was held out of service without pay pending investigation of his October 2016 violation. Lowe denies each and every remaining allegation in Paragraph 51 of the Complaint.

52. Lowe denies the allegations in Paragraph 52 of the Complaint.

---

[1] Plaintiff's Complaint includes two paragraphs numbered 48, and two paragraphs numbered 49. *See* Paragraphs "48, 49, 48, 49" on page 7 of the Complaint.

53. Lowe denies the allegations in Paragraph 53 of the Complaint.

54. Lowe denies the allegations in Paragraph 54 of the Complaint.

55. Lowe denies the allegations in Paragraph 55 of the Complaint.

56. Lowe denies the allegations in Paragraph 56 of the Complaint.

57. Lowe admits that Plaintiff demands punitive damages but denies that Plaintiff is entitled to them, or to any form of relief. Lowe further denies each and every remaining allegation in Paragraph 57 of the Complaint.

58. Lowe denies the allegations in Paragraph 58 of the Complaint.

59. Lowe denies the allegations in Paragraph 59 of the Complaint.

60. Lowe denies the allegations in Paragraph 60 of the Complaint.

### AS A FIRST CAUSE OF ACTION
### UNDER FEDERAL LAW
### 42 U.S.C. § 1981

61. Lowe incorporates by reference his response to each and every allegation made in Paragraphs 1 through 60 of the Complaint.

62. Lowe admits that Plaintiff has accurately quoted 42 U.S.C. § 1981, but denies violating that law or any other law.

63. Lowe admits that Plaintiff is African-American. Lowe denies each and every remaining allegation in Paragraph 63 of the Complaint.

64. Lowe admits that Plaintiff claims unlawful retaliation under 42 U.S.C. § 1981, but denies violating that law or any other law. Lowe further denies each and every remaining allegation in Paragraph 64 of the Complaint.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION FOR EXERCISING RIGHTS UNDER
## THE FAMILY MEDICAL LEAVE ACT

65. Lowe incorporates by reference his response to each and every allegation made in Paragraphs 1 through 64 of the Complaint.

66. Lowe admits that Plaintiff has accurately quoted part of the Family and Medical Leave Act, but denies violating that law or any other law.

67. Lowe admits that Plaintiff has accurately quoted part of the Family and Medical Leave Act. The remaining allegation states a conclusion of law to which no response is required. To the extent any response is required, Lowe lacks knowledge or information sufficient to form a belief as to the truth of the allegation, and therefore denies it.

68. Lowe denies the allegations in Paragraph 68 of the Complaint.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE
## AMERICANS WITH DISABILITIES ACT

69. Lowe incorporates by reference his response to each and every allegation made in Paragraphs 1 through 69 of the Complaint.

70. Lowe admits that Plaintiff claims that Defendants violated the Americans with Disabilities Act, which is codified at 42 U.S.C. § 12101 *et seq*., but denies violating that law or any other law.

71. Lowe admits that Plaintiff has accurately quoted part of 42 U.S.C. § 12112, but denies violating that law or any other law.

72. Lowe denies the allegations in Paragraph 72 of the Complaint.

73. Lowe denies the allegations in Paragraph 73 of the Complaint.

## AS A FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE
## AMERICANS WITH DISABILITIES ACT

74. Lowe incorporates by reference his response to each and every allegation made in Paragraphs 1 through 73 of the Complaint.

75. Lowe admits that Plaintiff claims that Defendants violated the Americans with Disabilities Act, which is codified at 42 U.S.C. § 12101 *et seq.*, but denies violating that law or any other law.

76. Lowe denies that Plaintiff has accurately quoted 42 U.S.C. § 12203, and further denies violating that law or any other law.

77. Lowe denies the allegations in Paragraph 77 of the Complaint.

78. Lowe denies the allegations in Paragraph 78 of the Complaint.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (NOT AGAINST INDIVIDUAL DEFENDANTS)

79. This claim has not been brought against Lowe personally, and therefore he is not required to respond to it. To the extent that he is required to respond to this claim, Lowe denies violating Title VII.

80. This claim has not been brought against Lowe personally, and therefore he is not required to respond to it. To the extent that he is required to respond to this claim, Lowe denies violating Title VII.

81. This claim has not been brought against Lowe personally, and therefore he is not required to respond to it. To the extent that he is required to respond to this claim, Lowe denies violating Title VII.

82. This claim has not been brought against Lowe personally, and therefore he is not required to respond to it. To the extent that he is required to respond to this claim, Lowe denies violating Title VII.

### AS A SIXTH CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
### (NOT AGAINST INDIVIDUAL DEFENDANTS)

83. This claim has not been brought against Lowe personally, and therefore he is not required to respond to it. To the extent that he is required to respond to this claim, Lowe denies violating Title VII.

84. This claim has not been brought against Lowe personally, and therefore he is not required to respond to it. To the extent that he is required to respond to this claim, Lowe denies violating Title VII.

85. This claim has not been brought against Lowe personally, and therefore he is not required to respond to it. To the extent that he is required to respond to this claim, Lowe denies violating Title VII.

### AS A SEVENTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE LAW

86. Lowe incorporates by reference his response to each and every allegation made in Paragraphs 1 through 85 of the Complaint.

87. Lowe admits that Plaintiff has accurately quoted the Pennsylvania Human Relations Act, but denies violating that law or any other law.

88. Lowe denies the allegations in Paragraph 88 of the Complaint.

89. Lowe admits that Plaintiff claims that Defendants violated the Pennsylvania Human Relations Act, but denies violating that law or any other law.

## AS AN EIGHTH CAUSE OF ACTION
## FOR RETALIATION UNDER STATE LAW

90. Lowe incorporates by reference his response to each and every allegation made in Paragraphs 1 through 89 of the Complaint.

91. Lowe admits that Plaintiff has accurately quoted the Pennsylvania Human Relations Act, but denies violating that law or any other law.

92. Lowe denies the allegations in Paragraph 92 of the Complaint.

## AS A NINTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER THE STATE LAW

93. Lowe incorporates by reference its response to each and every allegation made in Paragraphs 1 through 92 of the Complaint.

94. Lowe admits that Plaintiff has accurately quoted the Pennsylvania Human Relations Act, but denies violating that law or any other law.

95. Lowe denies the allegations in Paragraph 95 of the Complaint.

## AS A TENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE
## PHILADELPHIA FAIR PRACTICES ORDINANCE

96. Lowe incorporates by reference his response to each and every allegation made in Paragraphs 1 through 95 of the Complaint.

97. Lowe denies that Plaintiff has accurately quoted the Philadelphia Fair Practices Ordinance. Lowe further denies that he violated the Philadelphia Fair Practices Ordinance or any other law.

98. Lowe denies the allegations in Paragraph 98 of the Complaint.

99. Lowe admits that Plaintiff claims that Defendants violated the Philadelphia Fair Practices Ordinance, but denies violating that law or any other law.

# AS A ELEVENTH CAUSE OF ACTION
# FOR RETALIATION UNDER THE
# PHILADELPHIA FAIR PRACTICES ORDINANCE

100. Lowe incorporates by reference his response to each and every allegation made in Paragraphs 1 through 99 of the Complaint.

101. Lowe admits that Plaintiff has accurately quoted the Philadelphia Fair Practices Ordinance, but denies violating that law or any other law.

102. Lowe denies the allegations in Paragraph 102 of the Complaint.

## JURY DEMAND

Lowe admits that Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

Lowe admits that Plaintiff seeks the relief described in this unnumbered paragraph but denies that Plaintiff is entitled to that relief or any relief.

Lowe denies any allegations contained in Plaintiff's Complaint that are not specifically admitted above.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof as to any issue, Lowe asserts the following defenses to Plaintiff's Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Any actions taken with respect to Plaintiff or his employment were done for legitimate non-discriminatory and non-retaliatory reasons.

## THIRD DEFENSE

Lowe expressly denies that Plaintiff's race, color, national origin, disability association and/or any other impermissible factor played any role in the employment decisions made and/or actions taken with respect to Plaintiff. To the extent Lowe is found to have been motivated by any impermissible criteria, Lowe asserts that all employment decisions alleged in this action would have occurred even in the absence of such impermissible criteria.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, to the extent that he failed to satisfy any administrative prerequisites or exhaust available administrative remedies.

**FIFTH DEFENSE**

Plaintiff's claims fail, in whole or in part, to the extent barred by the applicable statutes of limitations.

**SIXTH DEFENSE**

Plaintiff's alleged damages are speculative, inappropriate under the facts of this action, and/or unavailable as a matter of law.

**SEVENTH DEFENSE**

Plaintiff's claims for lost wages and benefits are barred, in whole or in part, to the extent that he failed to mitigate his alleged damages.

**EIGHTH DEFENSE**

Lowe is entitled to a set-off credit against Plaintiff's damages, if any, for any such amounts he received from any source whatsoever with respect to the issues covered by this suit.

Lowe reserves the right to designate additional defenses as they may come to light during the course of investigation, discovery, or otherwise.

**WHEREFORE**, Lowe respectfully request that this Court enter an Order granting judgment in his favor and against Plaintiff on all claims, awarding Lowe his costs (and, to the extent permissible, their attorneys' fees) incurred in connection with the defense of this matter, and granting such other and further relief as the Court deems just and proper.

Dated: May 22, 2018

Respectfully submitted,

*/s/ James S. Urban*
James S. Urban (PA Bar No. 82019)
JONES DAY
500 Grant St., Suite 3100
Pittsburgh, PA 15219
(412) 394-7906 (telephone)

Attorney for Defendant Jonathan Lowe

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2018, I electronically filed the foregoing Defendant CSX Jonathan Lowe's Answer to Plaintiff's Complaint with the Clerk of the Court using the Court's CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to the parties indicated on the electronic filing receipt.


<u>s/James S. Urban</u>